IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY JO SANDERS                                            PLAINTIFF

v.                          CIVIL NO. 10-5222

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Jo Sanders, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff protectively filed her current application for SSI on May 3, 2007, alleging an inability to work since June 1, 2001,[1] due to scoliosis, fibromyalgia, depression, left shoulder pain, and chronic pain and insomnia. (Tr. 89-93). An administrative hearing was held on November 4, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 9-36).

---

[1] Although Plaintiff alleged that she has been disabled since June 1, 2001, the ultimate issue is whether she was under a disability as of or after the date of her application. SSI benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335.

AO72A
(Rev. 8/82)

By written decision dated March 6, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 44). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 44). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light, unskilled work as defined in 20 CFR 416.967(b) except that while the claimant can frequently lift and/or carry ten pounds, and occasionally twenty pounds, sit (with normal breaks) for a total of six hours in an eight hour work day, and stand and/or walk (with normal breaks) for a total of six hours in an eight hour work day, the claimant cannot work where she is required to have transactional interaction with the public. The claimant can only frequently reach, handle, and finger with the dominant right upper extremity, and she can only occasionally climb, balance, stoop, kneel, crouch, or crawl. The claimant will require the option to alternate between sitting and standing in place on an hourly basis.

(Tr. 46). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine tender. (Tr. 50).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 23, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14,15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because (1) the ALJ improperly determined that Plaintiff's scoliosis was not a severe impairment; (2) the ALJ committed error when she interjected her medical opinion into the findings when she determined Plaintiff's RFC; and (3) that the ALJ used Plaintiff's scant activities of daily living to discredit Plaintiff. Defendant argues substantial evidence supports the ALJ's determination.

    **A.    Plaintiff's Impairments:**

The ALJ found that Plaintiff had the following severe impairments: fibromyalgia and depression. However, the ALJ found that Plaintiff's alleged scoliosis was not a severe impairment. (Tr. 44).

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that substantial evidence does not support the ALJ's decision that her scoliosis was non-severe. This argument does not merit reversal because the ALJ did not terminate her analysis at step two, instead proceeding through the sequential evaluation and stating that she was considering "all of the claimant's impairments, including impairments that are not severe," in formulating Plaintiff's RFC. (Tr. 43) See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "), § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

The ALJ noted that in May of 2007, Dr. Joseph Murphy interpreted x-rays of Plaintiff's dorsal spine to reveal moderate mid-dorsal scoliosis (Tr. 194); and that Dr. Murphy did not state that Plaintiff would experience any symptoms as a result of the condition. The ALJ pointed out that the medical evidence revealed that, while Plaintiff reported this problem had persisted since childhood, there was little evidence to show that Plaintiff sought on-going and consistent treatment for problems associated with her scoliosis. See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment was inconsistent with allegations of pain). The ALJ also adequately accounted for Plaintiff's scoliosis in the RFC in finding Plaintiff could do light work with occasional postural limitations, and a sit/stand option on an hourly basis.

Thus, the ALJ's finding that Plaintiff's scoliosis problem was not a "severe" impairment does not constitute reversible error.

**B.     The ALJ's RFC determination:**

Plaintiff argues that the ALJ improperly interjected her medical opinion when she determined Plaintiff's RFC. Defendant argues that substantial evidence of record supports the ALJ's RFC finding.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical

question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when the ALJ determined Plaintiff could perform work at the light level with some limitations.

Regarding Plaintiff's fibromyalgia impairment, the medical evidence revealed that in May 2007, Dr. Rebecca Barrett documented multiple tender points upon examination of Plaintiff. (Tr. 188, 194, 223-224). In August 2007, Plaintiff visited Dr. James Stallcup, complaining of headaches, and Dr. Stallcup diagnosed Plaintiff with mild to moderate dehydration. (Tr. 245). Dr. Stallcup noted that Plaintiff had been working with yard tools outside, and had tried to rest in the shade. Dr. Stallcup noted a normal examination, and advised Plaintiff to try oral hydration, and to stay with a friend who had air conditioning. In December of 2007, Plaintiff complained of a fibromyalgia flare-up. (Tr. 253). At that time, Dr. Barrett noted that Plaintiff had multiple tender points, and re-filled Plaintiff's prescriptions for Soma and Tramadol, and started Plaintiff on Neurontin.

In April 2008, Dr. Barrett noted that Plaintiff was not taking her medication as prescribed and that Plaintiff was also having some financial stressors. (Tr. 259). Dr. Barrett discussed stretching exercises with Plaintiff, and increased Plaintiff's Lyrica. In July 2008, Dr. Barrett observed that Plaintiff's fibromyalgia was improved on Lyrica. (Tr. 263). Dr. Barrett noted that

Plaintiff exhibited "less trigger points than usual," but Plaintiff continued to have some tenderness in the left sacroiliac area, and the biceps tendon in the right elbow. At that time, Dr. Barrett noted Plaintiff's grip was okay and her sensation was good. The Court notes that an impairment that can be controlled by treatment or medication cannot be considered disabling. Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) (citations omitted).

With regard to Plaintiff's mental impairments, the medical evidence revealed that Plaintiff did not seek on-going and consistent treatment from a mental health professional during the time period in question. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). As addressed by the ALJ, the medical evidence revealed that Plaintiff underwent a mental diagnostic evaluation in August of 2007, conducted by Dr. Terry L. Efird. (Tr. 213-220). Dr. Efird noted that Plaintiff reported that her emotional/mental symptoms started four or five years ago when she and her husband moved into a camper with no electricity or running water. After evaluating Plaintiff, Dr. Efird opined that Plaintiff's mood and affective responses were not highly anxious or depressed. Dr. Efird found that the criteria for a panic disorder were not clearly endorsed. Dr. Efird noted that plaintiff also reported feeling comfortable with members of her church, where she attended regularly. Dr. Efird opined that in terms of cognitive tasks, Plaintiff appeared able to function adequately. Dr. Efird opined Plaintiff was able to sustain attention/concentration during the evaluation; and that Plaintiff was able to sustain persistence satisfactorily, but that it would be difficult to predict how Plaintiff's persistence would play out over the course of an eight-hour day. With regard to completing work-like tasks within an acceptable time frame, Dr. Efird noted that Plaintiff did not display remarkable slowing.

Plaintiff's capacity to perform light work with limitations is supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). The ALJ's RFC determination is also supported by the findings of the non-examining medical consultants, who opined that Plaintiff could perform light work. (Tr. 201-208, 251). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

    **C.**    **Subjective Complaints and Credibility Analysis:**

Plaintiff argues that the ALJ used Plaintiff's scant activities of daily living to discredit Plaintiff's subjective complaints and credibility. Defendant argues that substantial evidence of record supports the ALJ's credibility findings.

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly evaluated Plaintiff's subjective complaints. Although Plaintiff contends that her impairments were disabling, the evidence of record does not support this conclusion.

With regard to Plaintiff's fibromyalgia, the medical evidence revealed that after Plaintiff started taking Lyrica, her fibromyalgia symptoms improved. As addressed above, when Plaintiff was examined in July of 2008, Dr. Barrett noted that Plaintiff had fewer trigger points. Based on the record as a whole, the Court finds substantial evidence of record to support the ALJ's determination that Plaintiff's fibromyalgia impairment was not disabling during the relevant time period.

With regard to Plaintiff's mental impairments, the record revealed that Plaintiff told Dr. Efird that her emotional/mental symptoms began when she moved into a camper with no electricity or running water. While Plaintiff was prescribed some anti-depressant medication by her primary care physician, as noted above, Plaintiff did not seek treatment for her mental impairments from a mental health professional, nor did her primary care physician refer her to a mental health professional. Based on the record as a whole, the Court finds substantial evidence of record to support the ALJ's determination that Plaintiff's fibromyalgia impairment was not disabling during the relevant time period.

While Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. <u>Murphy v. Sullivan</u>, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

AO72A
(Rev. 8/82)

Plaintiff's subjective complaints are also inconsistent with evidence regarding her daily activities. The record revealed that in Function Reports completed by Plaintiff in conjunction with this application for benefits, she reported that she was able to take care of her personal hygiene, to drive short distances, to prepare simple meals, to do simple household chores, and to sometimes sit with her grandmother while her mother ran errands. (Tr. 116-123). Plaintiff also reported that she liked to play guitar and sometimes played with her husband at church. In August of 2007, Plaintiff reported to Dr. Efird that she enjoyed playing her guitar; and that she attended church twice a week, as well as, church related dinners. At that time, Dr. Efird opined that Plaintiff was capable of performing most activities of daily living independently. This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain.  Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**D.    Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the

impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 18th day of May 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)